KARL KNUCHEL
ERIK COATE
**Karl Knuchel, P.C.**
101 North E. Street
P.O. Box 953
Livingston, Montana 59047
Telephone:     (406) 222-0135
Facsimile:     (406) 222-8517
karl@knuchelpc.com
erik@knuchelpc.com

*Attorneys for Plaintiff*

PARK COUNTY CLERK
OF DISTRICT COURT

2012 JUN 21 PM 4 31

FILED

*June Linda*

**FILED**

**JAN - 3 2013**

Clerk, U S District Court
District Of Montana
Billings

## MONTANA SIXTH JUDICIAL DISTRICT COURT, PARK COUNTY

HEART K LAND & CATTLE CO., INC., ) 
                                  ) 
           Plaintiff, )

vs. )

FRANCIS A. SAKAL, )
LAUREN E. LONG, )
INTERNAL REVENUE SERVICE, UNITED )
STATES GOVERNMENT DEPARTMENT )
OF THE TREASURY, MONTANA )
DEPARTMENT OF REVENUE, )
and all other persons, )
unknown, claiming or who )
might claim any right, title, estate, or interest )
in or lien or encumbrance upon the real )
property described in the complaint adverse to )
plaintiff's ownership or any cloud upon )
plaintiff's title, whether the claim or possible )
claim is )
present or contingent, )
            )
           Defendants. )

CW·12·162·BLG·RFC

Cause No.: DV 2012-117

**COMPLAINT TO SET ASIDE
FRAUDULENT TRANSFER AND
TO QUIET TITLE TO REAL
PROPERTY; APPLICATION FOR
TEMPORARY RESTRAINING ORDER**

Heart K: Complaint to Set Aside Fraudulent Transfer / Quiet Title - 1

COMES NOW the above-named Plaintiff, by and through the undersigned attorney, and for its complaint against the above-named Defendants states as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.    Heart K Land & Cattle Co., Inc. ("Heart K") is, and at all times herein mentioned was, a corporation organized and operating pursuant to the laws of the State of Montana. Heart K conducts its business from Park County, Montana.

2.    On information and belief, Francis A. Sakal ("Sakal") is, and at all times herein mentioned was, a resident of Upper Saddle River, New Jersey.

3.    On information and belief, Lauren E. Long ("Long"; and together with Sakal, the "Long Defendants") is, and at all times herein mentioned was, a resident of Park County, Montana.

4.    Defendant Internal Revenue Service, United States Government Department of the Treasury (hereinafter "IRS") is a federal government agency.

5.    Defendant Department of Revenue (hereinafter "DOR") is a state government agency.

6.    This Court has personal jurisdiction over the parties to this action because this claim for relief arises out of the ownership, use, or possession of any property, or of any interest therein, situated within Montana.

7.    This Court is the proper venue because the entirety of the actions alleged hereinafter occurred in Park County, Montana and the situs of the real property around which this cause of action centers is Park County, Montana.

## FACTS COMMON TO ALL COUNTS

8.    Heart K incorporates each and every allegation set forth in paragraphs 1-7 above as if each was fully set forth in this paragraph 8.

9.    The Long Defendants are the record owners of that certain parcel of real property located in Section 19, Township 03 South, Range 10 East, which property is further identified as Lot 1-B of the Four Seasons Tracts, as shown on Park County Certificate of Survey 1476 (the real property described in this Paragraph 7 shall be referred to hereinafter as the "Suce Creek Property").

10.    The Long Defendants became record owners of the Suce Creek Property on February 16, 2011. On that date, which was two (2) days after he learned of Heart K's intention to sue him, Michael A. Long executed and delivered to the Long Defendants a quit claim deed for the Suce Creek Property. The quit claim deed was subsequently recorded among the Park County land records as Document Number 364885.

11.    On information and belief, Michael A. Long is Long's husband and Sakal's son-in-law (Sakal is Long's mother).

12.    On information and belief, the improvements on the Suce Creek Property have been improved with funds improperly taken from Heart K.

13.    On April 11, 2011, Heart K brought a cause of action against Michael A. Long and MTL Project Management and Construction for breach of contract, actual fraud, punitive damages, and fraudulent transfer of the Suce Creek Property. Heart K filed the cause of action in the Sixth Judicial District Court as Cause Number DV-2011-62 (the "Prior Litigation").

14.    On May 4, 2012, the Sixth Judicial District Court entered its Findings of Fact and Conclusions of Law, and Judgment and Order for the Prior Litigation. The Court found all of the following: (i) Michael A. Long and MTL Project Management and Construction breached their contract with Heart K; (ii) Michael A. Long and MTL Project Management and

Construction committed actual fraud; and (iii) Michael A. Long fraudulently transferred the

Suce Creek Property to the Long Defendants in order to hinder, delay, or defraud Heart K.

15.   The Prior Litigation's Judgment and Order, p. 3, ¶ 5, states the following with respect

to the Suce Creek Property:

> Defendant Michael A. Long's transfer of that certain real property located in Section 19, Township 03 South, Range 10 East, which property is identified as Lot 1-B of the Four Seasons Tracts and is shown on Certificate of Survey 1476 recorded among the Park County land records, to Francis A. Sakal and Lauren E. Long was fraudulent. Therefore, _with respect to the fraudulently transferred real property described in this paragraph 5, Heart K shall be permitted to exercise any and all remedies provided by law_, including but not limited to those remedies set forth in Mont. Code Ann. § 31-2-339.

16.   The Prior Litigation's Judgment and Order also awarded damages against Michael A.

Long and MTL Project Management and Construction in the amount of Seven Hundred Ninety-

Two Thousand Nine Hundred Sixteen and 04/100 Dollars ($792,916.04).

17.   On June 8, 2012, at 11:10 a.m., IRS filed two (2) liens against the Suce Creek

Property. The liens are identified among the Park County, Montana land records as Document

Number 371286 – Lien Number 5058 and Document Number 371287 – Lien Number 5059.

_See_ Litigation Guarantee attached hereto and incorporated herein as **Exhibit A**.

18.   On February 23, 2012, at 1:31 p.m., DOR received a warrant of distraint from the

Montana Sixth Judicial District Court in Cause Number SL-251, which warrant named Michael

A. Long as Defendant.  _See_ Litigation Guarantee attached hereto and incorporated herein as

**Exhibit A**.

19.   Heart K now desires to collect on its judgment against Michael A. Long and MTL

Project Management and Construction. And, in order to realize the remedies provided in the

Prior Litigation's Judgment and Order, Heart K pursues the following counts:

//

Heart K: Complaint to Set Aside Fraudulent Transfer / Quiet Title - 4

### COUNT I: AVOIDANCE OF THE FRAUDULENT TRANSFER

20.   Heart K incorporates each and every allegation set forth in paragraphs 1-19 above as if each was fully set forth in this paragraph 20.

21.   Michael A. Long's transfer of the Suce Creek Property to the Long Defendants should be avoided and set aside pursuant to applicable law.

### COUNT II: QUIET TITLE

22.   Heart K incorporates each and every allegation set forth in paragraphs 1-21 above as if each was fully set forth in this paragraph 22.

23.   Heart K claims an interest in the Suce Creek Property according to the Prior Litigation's Findings of Fact and Conclusions of Law and Judgment and Order.

24.   The Long Defendants are the record owners of the Suce Creek Property and, on information and belief, claim absolute ownership thereof, to the exclusion of all others.

25.   On information and belief, IRS and DOR claim an interest in the Suce Creek Property by way of the respective legal documents identified hereinabove.

26.   Title to the Suce Creek Property should be quieted in the name of Heart K, to the exclusion of the Long Defendants, the IRS, the DOR, and all others claiming a right to the Suce Creek Property through said parties.

### COUNT III: APPLICATION FOR TEMPORARY RESTRAINING ORDER

27.   Heart K incorporates each and every allegation set forth in paragraphs 1-26 above as if each was fully set forth in this paragraph 27.

28.   Pursuant to the allegations set forth hereinabove, Heart K is entitled to the relief demanded and may suffer harm from the time of filing this complaint until such time as the Court may issue its order fully and finally settling these matters. Namely, the Long Defendants,

IRS, and/or DOR may attempt to take action on the Suce Creek Property to the detriment of Heart K.

29.   Heart K requests this Honorable Court issue a temporary restraining order pursuant to Mont. Code Ann. § 27-19-314, which order shall prevent the Long Defendants, IRS, and DOR from taking any action on the Suce Creek Property that is detrimental to Heart K's rights to said property until this case is fully and finally resolved.

WHEREFORE, Heart K respectfully requests the following relief:

1.   The avoidance and set aside of the Suce Creek Property's fraudulent transfer;

2.   An order of this Court quieting title to the Suce Creek Property in the name of Heart K, to the exclusion of the Long Defendants, the IRS, the DOR, and all others claiming a right to the Suce Creek Property said parties;

3.   A temporary restraining order preventing the Long Defendants, IRS, and DOR from taking any action on the Suce Creek Property that is detrimental to Heart K's rights to said property until this case is fully and finally resolved;

4.   Costs of suit, including but not limited to reasonable attorney fees; and

5.   Any other relief deemed just and proper in the premises.

Respectfully submitted this _21_ day of June, 2012.

KARL KNUCHEL, P.C.
*Attorneys for Plaintiff*

_____
Karl Knuchel

Heart K: Complaint to Set Aside Fraudulent Transfer / Quiet Title - 6