IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| HEART K LAND & CATTLE CO., INC., | CV 12-162-BLG-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| MICHAEL A. LONG, FRANCES A. SAKAL, LAUREN C. LONG, UNITED STATES OF AMERICA, MONTANA DEPARTMENT OF REVENUE, et al., | |
| Defendants. | |
| FRANCES A. SAKAL, | |
| Counterclaimant, | |
| vs. | |
| HEART K LAND & CATTLE CO., INC., UNITED STATES GOVERNMENT DEPARTMENT OF THE TREASURY, MONTANA DEPARTMENT OF REVENUE, et al., | |
| Counter-Defendants. | |

LAUREN C. LONG,

                           Counterclaimant,

    vs.

HEART K LAND & CATTLE CO., INC.,
UNITED STATES GOVERNMENT
DEPARTMENT OF THE TREASURY,
MONTANA DEPARTMENT OF
REVENUE, et al.,

                           Counter-Defendants.

---

UNITED STATES OF AMERICA,

                           Counterclaimant,

    vs.

HEART K LAND & CATTLE CO, INC.,
FRANCES A. SAKAL, LAUREN C.
LONG, MONTANA DEPARTMENT OF
REVENUE, and MICHAEL A. LONG,

                           Counter-Defendants.

This matter is before the Court on Plaintiff Heart K Land & Cattle Co., Inc.'s ("Heart K") Fed. R. Civ. P. 12(c) motion for judgment on the pleadings requesting the Court dismiss Counterclaimants Frances A. Sakal and Lauren C. Long's counterclaims for slander of title filed against Heart K.  For the reasons

discussed, the Court recommends the motion be granted in part, and denied in part.

## I. BACKGROUND

Heart K commenced this quiet title action to resolve issues as to the various parties' competing interests in real property located in Park County, Montana. The property is identified by the parties as the "Suce Creek Property."

Defendants Michael and Lauren Long acquired the Suce Creek Property in 2010. They were married at the time, and they owned the property as joint tenants with rights of survivorship.

Michael operated a construction business under the name MTL Project Management and Construction ("MTL"). At some point, Heart K engaged Michael Long and MTL to oversee renovation projects on unrelated property owned by Heart K.

During the course of Heart K's business relationship with Michael Long and MTL, Heart K discovered information indicating that Michael had engaged in billing practices that caused Heart K to suffer financial losses. Consequently, on February 14, 2011, Heart K terminated its business relationship with Michael and MTL, and informed Michael it would seek to recover its losses from Michael and MTL.

Two days later, on February 16, 2011, Michael Long conveyed all of his

interest in the Suce Creek Property by quitclaim deed to Frances A. Sakal. Sakal is Lauren Long's mother. Following that conveyance, Sakal and Lauren Long thereafter owned the property as tenants in common.

On April 11, 2011, Heart K filed a lawsuit against Michael Long and MTL in the Montana Sixth Judicial District Court, Park County, Cause No. DV 2011-62 (the "Prior Litigation"). Through that Prior Litigation Heart K sought to recover its business losses caused by Michael Long in their prior business relationship. Included within Heart K's claims for relief in the Prior Litigation was a claim seeking to establish that Michael Long's February 16, 2011 quitclaim conveyance of his interest in the Suce Creek Property to Sakal was a fraudulent transfer which he allegedly made to avoid loss of the property by virtue of his potential liability to Heart K.

On May 4, 2012, the Montana Sixth Judicial District Court, Park County, entered its legal ruling and judgment in the Prior Litigation against Michael Long and MTL, and in favor of Heart K. The court granted Heart K an award of monetary compensation for its losses. As a matter of Montana law, the monetary judgment became a judgment lien against any real property owned by the judgment debtors – Michael Long and MTL.

In its May 4, 2012 ruling, the state court further declared that Michael

Long's February 16, 2011 conveyance of the Suce Creek Property to Sakal was a fraudulent conveyance. The court concluded, therefore, that Heart K was entitled "to exercise any and all remedies provided by law," with respect to the fraudulently transferred real property. (Doc. 46 at 7 of 13.)

Based on Heart K's favorable judgment entered in the Prior Litigation, Heart K commenced this action on June 21, 2012, by filing its complaint in the Montana Sixth Judicial District Court, Park County, Cause No. DV 2012-117. The complaint included an application for a temporary restraining order to prevent any party from taking any action with respect to the Suce Creek Property that would be detrimental to Heart K's asserted rights and interests in the property. On June 25, 2012, the state court granted the temporary restraining order as requested. On December 20, 2012, the United States removed the action to this Court.

In this action, Heart K contends the monetary judgment entered in its favor in the Prior Litigation serves as a judgment lien against the Suce Creek Property based on Michael Long's prior interest in the property and his fraudulent conveyance of that interest. Therefore, Heart K commenced this quiet title action to pursue its asserted lien interests and rights relative to the Suce Creek Property – rights it contends it acquired as a result of the Prior Litigation. Specifically, Heart K seeks to set aside Michael Long's February 16, 2011 conveyance of his interest

to Sakal, to establish the priority of the parties' various liens and interests in the Suce Creek Property, and to collect on its judgment against Michael through a judicial sale of the Suce Creek Property.

Heart K named the Montana Department of Revenue and the United States of America as additional defendants in this action because each has filed lien interests against the Suce Creek Property. On February 23, 2012, the Montana Department of Revenue filed a lien interest by virtue of a warrant for distraint which named Michael Long as the judgment debtor based on taxes he owed. On June 8, 2012, the United States filed 2 liens against the Suce Creek Property. One lien arose from Michael Long's liability as a taxpayer, and the other lien arose from Michael Long and Lauren Long's liability as taxpayers.

Lauren Long and Sakal have each filed counterclaims against Heart K. They each allege Heart K is liable for slander of their title to the Suce Creek Property based on Heart K's conduct in the Prior Litigation affecting the property. They allege that before the judgment was entered in the Prior Litigation Heart K submitted proposed findings of fact and conclusions of law for the court's consideration. They allege that Heart K falsely represented in those proposals that Michael Long's quitclaim conveyance of his interest in the Suce Creek Property on February 16, 2011 transferred his interest to both Lauren Long and Sakal,

thereby falsely suggesting that Lauren Long did not previously have an interest in the property and was a party to that alleged fraudulent conveyance. They complain that Heart K failed to inform the court that Lauren Long already possessed her interest in the Suce Creek Property at the time of Michael Long's conveyance to Sakal, and that he did not convey any interest to Lauren.

Additionally, in support of their slander of title claims Lauren Long and Sakal assert that in June, 2012, Heart K filed a notice of lis pendens with respect to the Suce Creek Property as a result of the Prior Litigation. They further allege they sustained losses as a result of both the notice of lis pendens Heart K filed, and the temporary restraining order that Heart K allegedly obtained improperly in this action while it was pending in the Montana Sixth Judicial District Court, Park County. They allege both the lis pendens and the temporary restraining order caused them to lose a potential sale of the Suce Creek Property.

Finally, Lauren Long and Sakal each complain that in Heart K's original complaint filed in this action Heart K again disregarded Lauren Long's prior interest in the Suce Creek Property, and falsely suggested that Michael Long's quitclaim deed executed on February 16, 2011, transferred his interest to both Lauren Long and Sakal. (*See* Doc. 3 at ¶ 10.)

Heart K moves for judgment on the pleadings dismissing Lauren Long and

Sakal's slander of title claims. Sakal and Lauren concede one aspect of Heart K's motion, but they oppose the requested dismissal of all of their claims.

## II. APPLICABLE LAW

### A. Motion for Judgment on the Pleadings

In addressing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). A Rule 12(c) motion "is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted).

A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Id.*

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780,

783 (9ᵗʰ Cir. 1996).  The court's standard of review under Rule 12(b)(6) is informed by Fed. R. Civ. P. 8(a)(2), which requires that a pleading "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Rule 8). Although Rule 8(a)(2) does not require "detailed factual allegations", a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff.  *Id*., 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*.  Plausibility does not equate with "probability", but it requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Allegations which permit only an inference of the "mere possibility of misconduct" do not "show[] that the pleader is entitled to relief[.]"  *Ashcroft*, 556 U.S. at 679 (quoting Rule 8(a)(2)).  Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

Based on the foregoing, and as applied to a Rule 12(c) motion, the court must "assume the facts alleged in the complaint are true[,]" and consider whether those "factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Yakima Valley Memorial Hospital v. Washington State Department of Health*, 654 F.3d 919, 925 (9th Cir. 2011) (quoting *Cafasso*, 637 F.3d at 1054).

### B.    <u>Application of Montana Law</u>

In view of the Court's original jurisdiction over the United States' counterclaims, jurisdiction over the other parties' claims advanced under Montana law is founded upon the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).  "[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000).  "The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980).

When an issue of state law arises and "the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the

10

result the highest state court would reach if it were deciding the case." *Medical*

*Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306

F.3d 806, 812 (9th Cir. 2002) (citations omitted).  In doing so, the court must "look

to existing state law without predicting potential changes in that law." *Ticknor v.*

*Choice Hotels International, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (citation

omitted).  The court should also rely on other persuasive authorities including

treatises and decisions from other jurisdictions, as guidance.  *Strother v. Southern*

*California Permanente Medical Group*, 79 F.3d 859, 865 (9th Cir. 1996).

## III.   DISCUSSION

Heart K advances two arguments in support of its motion for judgment on

the pleadings with respect to Lauren Long and Sakal's counterclaims against it.[1]

First, it argues that to the extent Lauren Long and Sakal's claims for relief are

predicated upon the notice of lis pendens filed by Heart K, the claims fail as a

matter of law since a lis pendens is a privileged filing.  In other words, Heart K

argues that it is protected against liability arising from its conduct in filing the lis

pendens.[2]  Second, Heart K argues that the balance of Lauren Long and Sakal's

_____

[1]Sakal filed a brief in response to Heart K's motion with which Lauren Long
has joined.  (Doc. 68.)

[2]Lauren Long and Sakal concede that, as a matter of law, the notice of lis
pendens cannot serve as the predicate basis for their slander of title claims, and

slander of title claims fail as a matter of law because Lauren Long and Sakal failed to set forth the requisite specific allegations identifying the special damages they incurred due to Heart K's alleged slander of title conduct. The Court disagrees with Heart K's second argument.

Sakal and Lauren Long's slander of title counterclaims are advanced on grounds independent of Heart K's conduct in filing the notice of lis pendens. Their claims allege that Heart K is liable for slander of title due to false representations about Lauren Long's interest in the Suce Creek Property it made: (1) in its proposed findings of facts and conclusions of law that it submitted to the state court in the Prior Litigation (Doc. 30 at ¶ 22; Doc. 45 at ¶ 16); and (2) in its original complaint filed in this case in the state court before this case was removed to this Court (Doc. 30 at ¶ 24; Doc. 45 at ¶ 17). Sakal and Lauren Long further allege Heart K is liable for slander of title because Heart K improperly sought and obtained a preliminary injunction in this case from the state court before this case was removed to this Court. (Doc. 30 at ¶ 26; Doc. 45 at ¶ 20.)

Under Montana law, an action for slander of title arises "where one

---

cannot subject Heart K to liability. (Doc. 67 at 10.) *See Paulson v. Lee*, 745 P.2d 359, 361-62 (Mont. 1987). Therefore, this aspect of Heart K's motion should be granted.

'maliciously publishes false matter which brings in question or disparages the title to property, thereby causing special damage to the owner.'" *Pryor v. Babcock Building Corp.*, 45 P.3d 35, 37 (Mont. 2002) (citations omitted). Thus, an essential element of the cause of action is special damages – "[t]he [slander of title] action is not for the words spoken, but for special damages for the loss sustained by reason of the speaking and publication of the slander." *First Security Bank of Bozeman v. Tholkes*, 547 P.2d 1328, 1331 (Mont. 1976) (quoting 50 Am. Jur. 2d, *Libel and Slander*, § 541). Further, the plaintiff must establish "that the special damages are the natural and probable consequences of the slander." *Id*. Where allegations fail to sufficiently support the existence of special damages, the slander of title claim fails. *Id*.

Rule 9(g), Fed. R. Civ. P., in turn, requires that "[i]f an item of special damages is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g).[3]

Sakal and Lauren Long argue they sufficiently pled special damages because they allege Heart K's slander of title conduct caused a potential sale of the

---

[3]Federal courts sitting in diversity jurisdiction or exercising supplemental jurisdiction "apply state substantive law and federal procedural law." *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (quotation and citations omitted). Heart K presents its motion in reliance upon Fed. R. Civ. P. 9(g), not Mont. R. Civ. P. 9(g). The Court agrees and concludes that the issue of the sufficiency of allegations of special damages is a procedural question governed by federal law. *See Hogan v. Wal-Mart Stores, Inc.*, 167 F.3d 781, 783 (2nd Cir. 1999).

Suce Creek Property to fail. The Court agrees.

Heart K first argues that Sakal and Lauren Long's claim of damages stemming from the lost potential sale of the Suce Creek Property is insufficient because the lost sale is predicated upon Heart K's conduct in filing the notice of lis pendens. (*See* Doc. 30 at ¶ 23; Doc. 45 at ¶ 17.) Although Heart K is correct in that regard, the Court finds that Sakal and Lauren Long's allegations regarding the loss of a potential real estate sale are not based solely on the lis pendens, and are additionally based on Heart K's alleged conduct in improperly obtaining a preliminary restraining order in this case. (Doc. 30 at ¶ 26; Doc. 45 at ¶ 20.)

Sakal and Lauren Long's assertions that the preliminary injunction caused a potential sale to fall apart is sufficient to defeat Heart K's motion for judgment on the pleadings. They need only specifically allege a compensable form of special damages, and in a slander of title action the loss of a potential sale of real property is a valid special damage that is recoverable. *See Marrocco v. Hill*, 2012 WL 1900953, *4 (D. Nev. 2012) (applying Nevada slander of title law). A specific lost sale is the best proof of special damages. *Maragos v. Union Oil Co. of California*, 584 N.W.2d 850, 852 (N.D. 1998). Therefore, the Court concludes Sakal and Lauren Long's claim of a lost sale caused by Heart K's conduct in obtaining a preliminary restraining order is sufficient to sustain their slander of

title claims.

Furthermore, Sakal and Lauren Long each also assert that Heart K's alleged slander of title conduct caused them to incur attorneys' fees and costs. (Doc. 30 at ¶ 33; Doc. 45 at ¶ 27.) In response to Heart K's motion, Sakal – and Lauren in joining the response brief – assert that their special damages include their attorneys' fees. (Doc. 67 at 10 and 12.) For the reasons discussed, the Court finds Lauren's claim for attorney's fees is sufficient to survive dismissal, but Sakal's is not.

In general, attorneys' fees may constitute special damages, and allegations asserting that a party incurred attorneys' fees are sufficient to satisfy the specificity requirement of Fed. R. Civ. P. 9(g). *Botosan v. Fitzhugh*, 13 F. Supp. 2d 1047, 1053 (S.D. Cal. 1998). Where attorney's fees are available as an element of damages, they qualify as special damages to be pled as required by Rule 9(g). *Riordan v. State Farm Mutual Automobile Ins. Co.*, 2008 WL 2512023, *3 (D. Mont. 2008). *See also National Liberty Corporation v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 916 (8th Cir. 1997). Therefore, the Court must consider whether the substantive law governing claims for slander of title permits recovery of attorney's fees as an element of damages. *Riordan*, 2008 WL at *3 (noting that the applicable substantive law determines whether attorney's fees are recoverable as

15

an element of damages).  The Court concludes it does.

Under Montana law, attorneys fees are a viable element of damages to be claimed by a plaintiff in a slander of title action.  *Paulson v. Kustom Enterprises, Inc.*, 483 P.2d 708, 715-716 (Mont. 1971).  Other jurisdictions have similarly concluded that attorneys fees constitute special damages recoverable in a slander of title action.  *See IberiaBank v. Coconut 41, LLC*, ___ F. Supp. 2d ___, 2013 WL 6061883, *17 (M.D. Fla. 2013) (applying Florida law); *Hayes-Broman v. J.P. Morgan Chase Bank, N.A.*, 724 F. Supp. 2d 1003, 1017 (D. Minn. 2010) (applying Minnesota law).  Finally, in slander of title actions, attorneys' fees are considered special damages for purposes of Fed. R. Civ. P. 9(g) and, if plead, are sufficient to satisfy Rule 9(g).  *See Palm Developments, Inc. v. Ridgdill & Sons, Inc.*, 2009 WL 513027, *5 (M.D. Fla. 2009) and *MSD Energy, Inc. v. Gognat*, 507 F. Supp. 2d 764, 775 (W.D. Ky. 2007).

There exists, however, a distinction between attorney's fees recoverable as an element of damages under the substantive law of the applicable legal claim, and attorneys fees that are incurred as a mere incident to the current litigation. Attorney's fees that are compensable as an element of special damages in a slander of title action include those that are incurred for "removing a cloud on plaintiffs' title resulting from the slander[,]" and do not include fees that are a mere incident

16

of this lawsuit.  *Paulson v. Kustom Enterprises, Inc.*, 483 P.2d 708, 715 (Mont. 1971) (reciting, and not rejecting, the plaintiffs' argument).  The well-reasoned decisional law in other jurisdictions similarly concludes that in a slander of title action attorney's fees incurred by a plaintiff in removing the cloud on the plaintiff's title to real property caused by the slander are elements of compensable special damages.  *See e.g. Rayl v. Shull Enterprises, Inc.*, 700 P.2d 567, 573 (Idaho 1984) and *Gilmor v. Cummings*, 904 P.2d 703, 708 (Utah App. Ct. 1995).

Lauren Long's counterclaims provide factual background information in support of her claim for attorney's fees as special damages.  Lauren was initially named as a defendant in the Prior Litigation, but was later dismissed.  (Doc. 45 at ¶ 13.)  Therefore, it is plausible that Lauren may have incurred attorney's fees as a result of Heart K's slander of title conduct – fees that are not a mere incident of the present litigation.

Sakal, on the other hand, has pled factual allegations which establish that the only attorney's fees she has incurred are those incurred in connection with this lawsuit.  Sakal was not named as a defendant in the Prior Litigation, was unaware of the Prior Litigation, and she never had an opportunity to defend herself in that matter.  (Doc. 30 at ¶¶ 18-20.)  Sakal states she did not even know about the Prior Litigation and the allegations of Michael Long's fraudulent transfer until she was

17

served with the complaint filed in this lawsuit. (Doc. 30 at ¶ 19.) Instead, Sakal only incurred attorney's fees when she "had to retain an attorney to represent her in this matter[.]" (Doc. 30 at ¶ 26.) Thus, Sakal's allegations establish the attorney's fees she claims as special damages are fees incurred incident to this lawsuit and, therefore, are not compensable as an element of damages in her slander of title action.

## IV.   <u>CONCLUSION</u>

For the reasons discussed above, because Sakal and Lauren Long allege Heart K's conduct in improperly obtaining a preliminary injunction in this action caused a potential sale of the Suce Creek Property to fall apart, they have sufficiently pled special damages to support their claims for slander of title. Additionally, Lauren has pled a plausible basis for attorney's fees that she incurred as an element of special damages in support of her claim. The foregoing claims for special damages are sufficient to satisfy the specificity requirement of Rule 9(g). Sakal's claim for attorney's fees, however, are factually and legally deficient, and cannot be sustained.

Therefore, IT IS RECOMMENDED that Heart K's motion for judgment on the pleadings be GRANTED in part, and DENIED in part. Sakal and Lauren Long's slander of title counterclaims predicated upon Heart K's conduct in filing a

notice of lis pendens, and Sakal's claim for attorney's fees as an element of special damages, should be DISMISSED.  But their remaining slander of title counterclaims are sufficiently supported by allegations of special damages, and Heart K's motion should be DENIED in that respect.

DATED this 10th day of December, 2013.

_____
Jeremiah C. Lynch
United States Magistrate Judge