IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| HEART K LAND & CATTLE CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL A. LONG, FRANCES A. SAKAL, LAUREN C. LONG, UNITED STATES OF AMERICA, MONTANA DEPARTMENT OF REVENUE, *et al.*, <br><br> Defendants. | CV 12–162–BLG–DWM–JCL <br><br><br> ORDER |
| FRANCES A. SAKAL, <br><br> Counterclaimant, <br><br> vs. <br><br> HEART K LAND & CATTLE CO., INC., UNITED STATES GOVERNMENT DEPARTMENT OF THE TREASURY, MONTANA DEPARTMENT OF REVENUE, *et al.*, <br><br> Counter-Defendants. | |

| | |
|---|---|
| LAUREN C. LONG,<br><br>  Counterclaimant,<br><br>vs.<br><br>HEART K LAND & CATTLE CO., INC., UNITED STATES GOVERNMENT DEPARTMENT OF THE TREASURY, MONTANA DEPARTMENT OF REVENUE, *et al.*,<br><br>  Counter-Defendants. | |
| UNITED STATES OF AMERICA,<br><br>  Counterclaimant,<br><br>vs.<br><br>HEART K LAND & CATTLE CO., INC., FRANCES A. SAKAL, LAUREN C. LONG, MONTANA DEPARTMENT OF REVENUE, and MICHAEL A. LONG,<br><br>  Counter-Defendants. | |

This matter comes before the Court on Findings and Recommendations entered by United States Magistrate Judge Jeremiah C. Lynch, (Doc. 80), regarding a Motion for Judgment on the Pleadings brought by Plaintiff Heart K Land & Cattle Co., Inc. (Heart K), (Doc. 65). Judge Lynch recommends Heart K's

Motion be granted in part and denied in part. (Doc. 80 at 18-19.)

Judge Lynch submitted his Findings and Recommendations on December 10, 2013. (*Id.* at 19.) Parties may object to proposed findings and recommendations within 14 days of their service. 28 U.S.C. § 636. Because service was made electronically or by mail, three (3) days are added pursuant to Federal Rule of Civil Procedure 6(d). Accordingly, the parties' objections were due December 27, 2013. While no party objected to Judge Lynch's recommendations, Defendant Frances A. Sakal filed Objections to three factual findings entered in support of Judge Lynch's report. (*See* Doc. 88.)

Where no party objects, the Court reviews the findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). When a party objects, the Court reviews the relevant portions of the United States Magistrate Judge's proposed findings and recommendations *de novo*. 28 U.S.C. § 636.

Sakal's objection stems from the legal standard Judge Lynch applied to formulate findings of fact in support of his recommendations. Judge Lynch

applied the typical standard for adjudication of a motion for judgment on the pleadings, whereby a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." (Doc. 80 at 8 (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)).) Sakal argues that the standard differs when the sufficiency of a document other than the complaint is challenged. Sakal claims that where, as here, a Plaintiff challenges the sufficiency of a Defendant's counterclaim by bringing a motion for judgment on the pleadings, a court must accept the allegations of the non-moving party as true, while assuming the allegations of the moving party which have been denied are false. (Doc. 88 at 3 (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 833 F.2d 1429, 1436 (9th Cir. 1989)).) The application of the improper standard, Sakal argues, led Judge Lynch to adopt as true portions of Plaintiff's Second Amended Complaint which Sakal denied in her Answer. (*Id.* at 5.)

While Sakal's Objection relies on a version of an opinion of the Court of Appeals which has been superseded, the statement of law at issue here is unchanged in the operative version. The Court's posture on review of the motion at bar parallels that of the district court action under review by the Ninth Circuit in *Hal Roach*. In that case, the district court granted the plaintiff's motion for judgment on the pleadings brought to challenge the sufficiency of Defendant's

counterclaims. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1545 (9th Cir. 1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach* 896 F.2d at 1550 (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984); *see also Crow v. Safeco Ins. Co. of Ill.*, 2012 WL 5430413 at *2 (D. Mont. Nov. 7, 2012). Judge Lynch's statement of the applicable legal standard is adopted only to the extent not inconsistent with the foregoing.

This confusion regarding the proper legal standard, however, does not lead to the conclusion that Sakal's objections are well-taken and portions of the findings must be stricken. Sakal objects to the adoption of three passages contained in Judge Lynch's Findings. Heart K, in response, contends that the first and third findings to which Sakal objects may be adopted as supported by judicial notice. (Doc. 94 at 7-9.)

When deciding a motion for judgment on the pleadings, as discussed above, the Court accepts the allegations of the non-moving party as true. This inquiry forbids factual inquiry beyond the bounds of the pleadings with two exceptions: a court may consider material submitted as part of the complaint and a court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250

F.3d 668, 688-89 (9th Cir. 2001). A court may, *sua sponte*, take judicial notice of "a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction . . . or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

The first finding to which Sakal objects is stricken. As reported by Judge Lynch, this finding states:

> Defendants Michael and Lauren Long acquired the Suce Creek Property in 2010. They were married at the time, and they owned the property as joint tenants with rights of survivorship. (Doc. 80 at 3.)

Sakal contends this finding was taken directly from Plaintiff's Second Amended Complaint and is an allegation she denies in her Answer. (Doc. 88 at 3.) Heart K argues that this finding is supported by facts subject to judicial notice. (Doc. 94 at 7-8.) Heart K's representation that this passage is supported by facts not subject to dispute is blind to Sakal's representation that she participated in the purchase of the Suce Creek property with Lauren Long. In deciding Heart K's Motion, the Court takes Sakal's representations to be true. The finding as reported is incompatible with Sakal's claim that she participated in the purchase of the property and must be set aside.

The second finding to which Sakal objects is stricken. It states:

> Consequently, on February 14, 2011, Heart K terminated its business relationship with Michael and MTL, and informed Michael it would seek to recover its losses from Michael and MTL. Two days later, on February 16, 2011, Michael Long conveyed all of his interest in the Suce Creek Property by quitclaim deed to Frances A. Sakal. (*Id.* at 3-4.)

Sakal objects on grounds that this finding is taken from the Second Amended Complaint and denied in her Answer. (Doc. 88 at 4.) Heart K does not argue that this finding is supported by facts subject to judicial notice. Under the legal standard set forth above, Sakal's representation as to these facts must be taken as true and the findings are accordingly set aside.

The third finding to which Sakal objects is adopted. This finding states:

> On May 4, 2012, the Montana Sixth Judicial District Court, Park County, entered its legal ruling and judgment in the Prior Litigation against Michael Long and MTL, and in favor of Heart K. The court granted Heart K an award of monetary compensation for its losses . . . . In its May 4, 2012 ruling, the state court further declared the Michael Long's February 16, 2011 conveyance of the Suce Creek Property to Sakal was a fraudulent conveyance. (*Id.* at 4-5.)

Sakal claims this passage does not account for her objections to the state court decision. (Doc. 88 at 4-5.) Heart K argues that this finding is supported by facts subject to judicial notice. (Doc. 94 at 9.) A court may take judicial notice of the contents of the docket of a state court proceeding. *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Accordingly, the Court takes judicial notice of the

existence of the legal ruling and judgment referred to in this finding. Sakal's claims do not contest the existence of the legal ruling and judgment referred to in this finding, rather they contest the grounds for the decision. Judge Lynch's finding adopted here simply recognizes, and in no way validates or adopts, the state court proceeding referenced. The finding is supported by facts subject to judicial notice. Sakal's objection to this finding is denied.

No clear error is present in the portions of Judge Lynch's report to which no party presented objection. Accordingly, those portions of the Findings and Recommendations now before the Court are adopted in full.

IT IS ORDERED that Judge Lynch's Findings and Recommendations, (Doc. 80), are ADOPTED, to the extent not inconsistent with the foregoing analysis. Plaintiff Heart K's Motion for Judgment on the Pleadings, (Doc. 65), is GRANTED in part and DENIED in part. Sakal and Long's slander of title counterclaims predicated on Heart K's filing notice of *lis pendens* and Sakal's claim for attorney's fees as an element of special damages are DISMISSED. The remaining slander of title counterclaims are sufficiently supported by allegations of special damages and Heart K's Motion is DENIED in that respect.

//

//

DATED this \_\_\_ day of January, 2014.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court